**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| **CHERYLL CLEWETT**, *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff,*<br>v.<br><br>**CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY**,<br><br>*Defendant.* | Civil Case No.: 2:26-cv-00186-MEF-SDA<br><br>**AMENDED COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the relentless marketing practices of Defendant, CHW Group, Inc. d/b/a Choice Home Warranty ("CHW" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and provisions of the Texas Business & Commerce Code ("TBCC").

2. CHW makes, or has made on its behalf, telemarketing calls soliciting its home warranty products and services.

3. These calls are made to individuals on the National Do-Not-Call Registry.

4. The TCPA and TBCC prohibit making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-

Call Registry.

5. Accordingly, Ms. Clewett brings this action on behalf of herself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

8. This Court has jurisdiction over CHW because CHW is headquartered in this District, conducts business transactions in this District and CHW made calls from this District as part of the business it conducts in this District.

9. Venue is proper in this District because CHW is headquartered in this District and because some of the wrongful conduct giving rise to this case occurred in and/or were directed from this District.

## PARTIES

10. Plaintiff Cheryll Clewett ("Ms. Clewett") is, and at all times mentioned herein was, a citizen and resident of the state of Texas.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

13. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

14. CHW is, and at all times mentioned herein was, a New Jersey corporation headquartered at 2147 NJ-27, 4th Floor Edison, New Jersey 08817.

15. CHW is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. CHW is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

17. CHW is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## RELEVANT TCPA BACKGROUND

18. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

19. Relevant here, the TCPA establishes a national "do not call" database

of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

20. These regulations are codified at 47 C.F.R. §§ 64.1200(c)( 2).

21. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

22. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . ." 47 C.F.R. § 64.1200(f)(15).

23. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through 47 U.S.C. § 227(c) of the TCPA.

**RELEVANT TEXAS BUSINESS COMMERCE CODE BACKGROUND**

24. Texas Business Commerce Code § 302.101 provides that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business

location from which the telephone solicitation is made." TBCC § 302.101(a).[1]

25. A violation of TBCC § 302.101(a) carries statutory damages of up to $5000 per violation. TBCC § 302.302.

26. In addition, Texas Business Commerce Code § 305.053 provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." TBCC § 305.053(a).

27. A violation of TBCC § 305.053 carries statutory damages of $500 for each violation and $1,500 for each violation "if the court finds the defendant committed the violation knowingly or intentionally." TBCC § 305.053(b),(c).

28. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g.*, *In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA]

---

[1] The Telephone Solicitors that have registered with the Texas Secretary of State can be found at the following website: https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (last accessed March 1, 2026).

violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

29. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**FACTUAL ALLEGATIONS**

30. Ms. Clewett is the sole and customary user of a cellular telephone number (XXX)-XXX-6727.

31. Ms. Clewett's cellular telephone number (XXX)-XXX-6727 is used for residential purposes and is not associated with a business.

32. Ms. Clewett uses her cellular telephone number (XXX)-XXX-6727 to communicate with her friends and family members and handle personal matters.

33. Ms. Clewett's cellular telephone number (XXX)-XXX-6727 is her primary means of communication by telephone.

34. During the relevant time period, Ms. Clewett did not have a landline telephone and used her cellular telephone to be reached at home.

35. Ms. Clewett's cellular telephone number has a Texas area code.

36. Ms. Clewett's cellular telephone number (XXX)-XXX-6727 has been on the National Do-Not-Call Registry since February 2, 2012.

37. Ms. Clewett personally placed her cellular telephone number (XXX)-XXX-6727 on the National Do-Not-Call Registry because she did not want unsolicited telemarketing calls, such as the ones at issue here.

38. On February 25, 2025, Ms. Clewett began receiving telephone calls from CHW.

39. The first "set" of calls came from telephone number (848) 377-1749.

40. Area code 848 serves central New Jersey, including Edison where Defendant is headquartered.

41. Numerous consumers have reported receiving calls from CHW from this number, even uploading recordings to the internet evidencing the number is used directly by CHW to place calls with both live agents and using prerecorded messages.[2]

---

[2] *See, e.g.*, https://directory.youmail.com/phone/848-377-1749 (last accessed March 1, 2026).




42. Ms. Clewett received calls from telephone number (848) 377-1749, for the purpose of soliciting her to purchase a home warranty from CHW, on the following dates and times:

- February 25, 2025 at 12:31pm;
- February 25, 2025 at 5:37pm;
- February 26, 2025 at 5:45pm;
- February 27, 2025 at 5:58pm; and
- March 6, 2025 at 5:27pm.

43. In August 2025, Ms. Clewett began receiving additional telephone calls from CHW.

44. The second "set" of calls came from telephone number (848) 800-6928.

45. Area code 848 serves central New Jersey, including Edison where Defendant is headquartered.

46. Ms. Clewett received calls from telephone number (848) 800-6928, for

the purpose of soliciting her to purchase a home warranty, on the following dates and times:

- August 5, 2025 at 5:21pm;
- August 8, 2025 at 2:26pm;
- August 21, 2025 at 5:28pm;
- August 27, 2025 at 2:59pm;
- August 29, 2026 at 9:05am;
- August 29, 2025 at 1:41pm;
- September 3, 2025 at 10:15 am;
- September 3, 2025 at 5:50pm;
- September 5, 2025 at 9:18am;
- September 11, 2025 at 3:27pm;
- September 12, 2025 at 10:04am;
- September 12, 2025 at 2:08pm;
- September 15, 2025 at 5:47pm; and
- September 16, 2025 at 5:27pm.

47. During the September 16, 2025 call, Ms. Clewett asked the caller why they were calling Ms. Clewett repeatedly.

48. The caller told Ms. Clewett that they were calling her offering a last

chance for the labor day special offering "exclusive coverage" for her home, system and appliances.

49. Further, the caller told Ms. Clewett that they wanted to provide her with a quote.

50. Upon information and belief, the caller was a "screener" used by CHW to place unsolicited telemarketing calls, identify potential consumers that may be interested in its products or services, and then transfer the calls to a CHW "closer" to close a sale.

51. The CHW screener transferred Ms. Clewett to a CHW agent "Ethan."

52. Ethan then advised that "he was calling from Choice Home Warranty."

53. Ethan then stated that "the reason you why you got a phone call today Cheryll, is because you inquired on Choice Home Warranty awhile back ago. I was just calling to see if I could answer any questions for you and get you to a better rate of what you saw before."

54. Ms. Clewett immediately advised the caller that she did not recall inquiring with CHW.

55. Upon information and belief, CHW claims that consumers "inquired" so that they can claim their unsolicited calls are lawful, while knowing they are not.

56. The caller then asked Ms. Clewett if she was interested in a home warranty anyway and he began his sales pitch.

57. Ms. Clewett asked Ethan to send her an email to confirm who she was speaking with. During the call, Ethan sent Ms. Clewett an email from "eisralov@choicehomewarranty.com" that confirmed his identity .

**Your Choice Home Warranty Quote**
1 message

**Ethan Isralov** <eisralov@choicehomewarranty.com> Tue, Sep 16, 2025 at 5:32 PM
To: "cheryll@brine-aid.com" <cheryll@brine-aid.com>

Dear Cheryll,

Thank you for requesting a quote! My name is Ethan. I'd be happy to answer any questions about our plans, coverage, and current promotions. Feel free to call or email me anytime.

Exclusive Offer for You:
- Plan: Total Plan
- Discount: 15% OFF
- Free Month: Yes
- Total Price: $561/year (Normally $660/year)
- Service Fee: $85 (Normally $100)

What's Covered?
✓ Major Systems: Air Conditioning, Heating, Plumbing, Electrical, Water Heater, Ductwork
✓ Appliances: Washer, Dryer, Refrigerator, Oven/Range/Stove, Cooktop, Dishwasher, Microwave, Garbage Disposal
✓ Extras: Ceiling & Exhaust Fans, Garage Door Openers, Whirlpool Bathtub

This limited-time offer helps protect your home from costly repairs while giving you peace of mind. Let's get your coverage started today—just reply to this email or call me at 1-888-503-6847 ext 3964.

Looking forward to helping you!

Best regards,
Ethan Isralov | Account Executive | Choice Home Warranty
2147 NJ 27 | Suite 400 | Edison, NJ 08817
V: 1-888-503-6847 ext 3964 | E: Eisralov@choicehomewarranty.com

58. Ethan also provided Ms. Clewett with his direct line: 1-888-503-6841 ext 3964 during the call.

59. Ms. Clewett did not provide prior express invitation or permission or consent for these telephone calls from CHW.

60. CHW placed the calls at issue directly to Ms. Clewett because the only caller identified during the call in accordance with 47 C.F.R. § 64.1200(d)(4) was CHW.

61. CHW's violations were negligent.

62. Alternatively, CHW's violations were willful and knowing.

63. For example, CHW's violations were willful and knowing because CHW has received and responded to, via the Better Business Bureau[3], numerous consumer complaints about its unsolicited calling practices:

**Initial Complaint**
05/05/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Resolved

They continue to call and when we answer no one with there and this happens a couple times a day EVERY day. We have already filed a complaint and told they would have 10 days to stop which that has not happened. Before we filed a complaint we even called them to ask them to stop and remove our number and have been completely ignored. We dont know how to get them to stop calling us.

**Initial Complaint**
05/02/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Answered

Im a RENTER Ive asked this business not to contact me many times. I dont need a warrranty. I never signed up or enquired about it. They hang up on me, transfer me to claims. They keep calling. Im on dnc

**Initial Complaint**
04/25/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Resolved

We are constantly receiving calls from Choice Home Warranty. We have explained to them many times that we do not work with any 3rd party contractors or vendors and have repeatedly asked them to remove our phone number from their calling list. Unfortunately, they continue to call despite our requests for them not to.

---

[3] *See* https://www.bbb.org/us/nj/edison/profile/home-warranty-plans/choice-home-warranty-0221-90048733/complaints?page=1&status=&type=sales (last accessed March 1, 2026)

**Initial Complaint**
02/17/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Answered ?

Choice Home Warranty calls me 20 and 30 times a week hoping to renew my home warranty provided when I closed on my home Dec of 2021. I have asked repeatedly to remove me from the list; I have attempted to notify the President of Resolution at the number provided by Choice Home Warranty. I am STILL getting 10 to 20 calls a week. RIDICULOUS. I see that there was a class action filed against CHW in another state. If I must do the same in my state, here I go. Additionally, I have begun to get solicitations from CHW in my physical mail and email. GEEZ. STOP IT.

**Initial Complaint**
02/01/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Answered ?

CHW has continued to repeatedly call me to solicit a new service purchase despite repeated requests to stop contacting me. I have even blocked no less than 3 of their phone numbers, yet they have continued to contact me, despite requests/demands to desist. Their sales methods are incredibly pushy and they're obviously not honoring my repeated requests to cease contact attempts.

**Initial Complaint**
01/30/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Resolved ?

Choice warrenty continues to call me 2-4 times a day . I have told them to remove me from their call list. They continue to call me 3 times today alone. I asked to speak to a supervisor and I am told there is not on available but they will give them a message . They call me at work and home . When attempting to write this compliant their presidents number came up .I called that number and it went to an answering machine. I want to be taken off their call list . They continue to harass me day and night . I have told them 8-9 times to stop calling me and take me off their call list for over a month now . No supervised has ever called me back. I think this is illegal after telling them to take me off their call list at least 8 times.

**Initial Complaint**
11/21/2022

**Complaint Type:** Advertising/Sales Issues
**Status:** Resolved ?

This company has been harassing me for the past 3 months with continuous phone calls and emails. I have asked them by email and now by phone over ****************************************************************************** 3 times all different numbers back to back in under a minute.

64. CHW has a Customer Review Score of 1.03/5 Stars.[4]

65. Based on the numerous consumer reviews complaining about unwanted and unsolicited telemarketing calls lodged with the BBB, CHW has taken no action to curb its abusive and illegal telemarketing practices and Plaintiff and class members remain vulnerable to continued harassment from CHW.

66. CHW has also been a defendant in numerous TCPA lawsuits throughout the country. *See,* e.g., *Atkinson v. Choice Home Warranty,* No. 2:22-cv-04464 (D.N.J., filed July 7, 2022); *Baker v. CHW Group, Inc.*, No. 21-cv-01308 (D.N.J., filed January 28, 2021); *Fralish v. CHW Group, Inc.*, No. 3:21-cv-00942 (N.D. Ind., filed Dec. 13, 2021).

67. CHW will continue to violate the TCPA and ignore consumers' privacy rights unless and until it is enjoined from doing so.

68. Ms. Clewett and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, the CHW's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. CHW's telephone calls were annoying and a nuisance, and wasted the time of Ms. Clewett and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional

[4] *Id.*

findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

69. CHW used systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

70. CHW made two or more telephone solicitations to Ms. Clewett, whose number was on the National Do-Not-Call Registry at the time of the telephone calls.

71. The purpose of each call CHW placed to Ms. Clewett was to market CHW's home warranty products and services to her.

72. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

73. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Ms. Clewett is entitled to $500 per call through 47 U.S.C. § 227(c).

74. Ms. Clewett is entitled to $1,500 per call if CHW's actions are found to be knowing or willful.

75. In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

76. As set forth above, CHW violated 47 U.S.C. § 227, or a regulation

adopted under that provision.

77. Accordingly, Ms. Clewett is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by CHW. *See* Tex. Bus. & Com. Code § 305.053(b).

78. Plaintiff is entitled to an additional $1500 per call if CHW's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

79. In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

80. A search of the telephone solicitors who have registered with the Texas Office of the Secretary of State confirms CHW failed to register before calling into Texas.

81. CHW violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State:

82. Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

83. In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## CLASS ACTION ALLEGATIONS

84. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three proposed "Classes," as defined as follows:

### THE TCPA CLASS

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.
>
> ("Registry Class")

### THE TEXAS CLASSES

> Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.
>
> ("Texas § 302.101 Class")
>
> Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(b) or (2) Defendant placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(c).
>
> ("Texas § 305.053 Class")

(The Registry Class, Texas § 302.101 Class, and Texas § 305.053 Class are collectively referred to herein as the "Classes.")

85. Excluded from the Classes are CHW and any entities in which CHW has a controlling interest; CHW's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

86. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

87. The exact number and identities of the persons who fit within the Classes are ascertainable in that CHW and third parties maintain written and electronically stored data showing:

a. The time period(s) during which CHW or its agent made the telephone calls;

b. The telephone numbers to which CHW or its agent made telephone calls;

c. The telephone numbers for which CHW had prior express written consent;

d. The purposes of such telephone calls; and

e. The names and addresses of Class members.

88. The Classes are comprised of hundreds, if not thousands, of individuals.

89. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a. Whether CHW makes telemarketing calls;

b. Whether CHW obtains prior express written consent;

c. Whether CHW o make solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

d. Whether CHW had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations into Texas;

e. Whether CHW's statutory violations were willful and knowing; and

f. Whether CHW should be enjoined from engaging in such conduct in the future.

90. Plaintiff is a member of the Classes in that CHW placed two or more calls for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent and while her telephone number was on the National Do-Not-Call Registry.

91. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from CHW's uniform conduct and are based on the same legal theories as these claims.

92. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to CHW's unwanted calls and suffered a nuisance and an invasion of their privacy.

93. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

94. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

95. CHW has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

96. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

97. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

98. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

99. Ms. Clewett and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

100. CHW made, or had made on its behalf, telephone solicitations to Ms. Clewett's and putative Registry Class Members' telephone numbers.

101. Ms. Clewett's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

102. Ms. Clewett and putative Registry Class Members each received two or more such calls in a 12-month period.

103. Ms. Clewett and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

104. Ms. Clewett and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of Texas § 302.101**
**(On Behalf of Plaintiff and the Texas § 302.101 Class)**

105. Ms. Clewett and the proposed Texas § 302.101 Class incorporate the foregoing allegations as if fully set forth herein.

106. CHW failed to obtain a registration certificate from the Office of the Secretary of State pursuant to violated § 302.101 of the Texas Business and Commerce Code.

107. CHW placed, or had placed on its behalf, telephone solicitations to Ms. Clewtt's and Texas § 302.101 Class Members' telephone numbers.

108. CHW's telephone solicitations were made from a location in Texas or to a Plaintiff and Texas § 302.101 Class Members located in Texas.

109. Ms. Clewett and Texas § 302.101 Class Members are entitled to an award of up to $5000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**THIRD CAUSE OF ACTION**
**Violations of Texas § 305.053**
**(On Behalf of Plaintiff and the Texas § 305.053 Class)**

110. Ms. Clewett and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

111. CHW placed, or had placed on its behalf, in a 12-month period more than one telemarketing telephone calls to Ms. Clewett's and Texas § 305.053 Class Members' telephone numbers.

112. Each of these calls violated 47 U.S.C. § 227(c).

113. Plaintiff and Texas § 305.053 Class Members are entitled to:

a. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

b. the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b); and

c. the greater of $1,500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs, including the costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d);and

G. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** March 1, 2026

s/ *Max S. Morgan*
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com